No. 20860.

JOHN M. OSBORN *v.* RAZATOS REALTY CO.
(407 P.2d 342)

Decided November 8, 1965.

MORRIS RIFKIN, for plaintiff in error.

THOMAS K. HUDSON, ALICE LOVELAND, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THIS is a brokerage commission case. We shall refer to the parties by name.

The record discloses that in November 1960, Razatos Realty Co., through its agent, Morris Feld, contacted John M. Osborn who then owned a drive-in restaurant in West Denver called the Copper Penny. The contact was first made by telephone to ascertain whether the restaurant was for sale, and if so, Feld stated that he had a prospective buyer for it, one McCoy. The gist of what followed was that Osborn furnished data on his business to Feld, but that McCoy did not purchase the business. No signed listing was given then or later by Osborn. It is undisputed, however, that a blind advertisement offering the business for sale through Razatos Realty Co. appeared in the Denver Post newspaper on January 8, 1961. Feld testified that Osborn approved the ad; however, Osborn denied that as well as any further listing. It is disclosed that the buyers and seller knew each other prior to the sale and that during the meeting described below with Feld, one of the purchasers received a telephone call from Osborn about the lack of a signed agency contract with Feld.

As a result of the newspaper advertisement, one of the three owners of the Holiday Drive-In Restaurants of Denver telephoned and then called on Feld. He was

informed by Feld as to the sale terms offered by Osborn, the important one here being that the price was $120,000. Thereafter, the three Holiday owners proceeded to meet with Feld to discuss the matter further. At that meeting the buyers, then knowing the terms of sale, refused to proceed unless Feld produced a written *signed* listing contract. Feld and Mr. Razatos thereupon left the meeting. Within a few days the same purchasers bought the restaurant direct from Osborn for $110,000. Osborn refused to pay a commission and this lawsuit ensued.

The complaint had two claims: the first one alleged the agency, the procurement of a sale, and that a commission of ten percent of the selling price was due from Osborn; the second one alleged a conspiracy by the seller and buyers to deprive the agent of his commission. Trial was had to the court which thereafter rendered a detailed, lengthy Findings Of Fact, Conclusions Of Law and Judgment in favor of Razatos Realty Co. and against Osborn on the first claim. The second claim was dismissed as to all defendants.

Several grounds are urged for reversal, all of which are concerned with the question as to whether Razatos Realty Co. was the agent of Osborn and whether a commission was due.

We note that there was no dispute as to the original oral listing by the seller. There were, however, disputed facts as to the pertinent issues, *i.e.*, whether the listing continued and also whether a commission was due because Feld brought willing buyers and the seller together.

This court has repeatedly held that where the trial court is the trier of the facts and there is sufficient evidence, as here, to support its findings, its judgment will not be disturbed on review. This axiom has so often been stated that no citation of authority is needed to support it. Furthermore, it makes no difference that the agreement held to exist here was oral, for an oral realty agency sales agreement is just as binding as a

written one. See: *Brewer v. Williams,* 147 Colo. 146, 150, 362 P.2d 1033 (1961).

To summarize then: here the trial court found on disputed evidence that Osborn employed Feld to find a purchaser for his restaurant; that Feld found such a purchaser; and that Feld's employer was entitled to a commission. The judgment being supported by the evidence, it will not be disturbed.

Affirmed.

MR. JUSTICE MOORE and MR. JUSTICE McWILLIAMS concur.